UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 2 0 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| George Rodriguez, Plaintiff | * * * | |
| vs. | * | Civil Action No. B-94-202 |
| W.F. Woods, etc. Defendants. | * * * | |

### ORDER IMPOSING SANCTIONS AGAINST PLAINTIFF GEORGE RODRIGUEZ

TO THE HONORABLE JUDGE OF SAID COURT:

This matter was tried before this Court and a jury on June 28-29, 1999. Plaintiff was represented at trial by counsel, Louis Sorola; the defendants were represented at trial by Assistant U. S. Attorneys Nancy Masso and Michael Wynne.

During the course of these proceedings it became evident that the Plaintiff, who was initially proceeding *pro se*, was pursuing a frivolous action against these defendants. It is noted by this Court that Plaintiff's counsel was retained by Plaintiff within just three months prior to trial. As such, this sanctions order and the findings herein are directed solely at the Plaintiff because there is no evidence that attorney Louis Sorola knew of Plaintiff's frivolous, bad faith actions which are further described below.

This Court makes the following findings in order to impose sanctions pursuant to Rule 11(1)(B) and the inherent authority of this Court to issue such sanctions:

1. Defendants, current and former employees of the United States, were named as Defendants in both their individual and official capacities.

2. On December 30, 1994, in Civil Action No. B-94-226 (prior to its consolidation under this civil action number), the United States filed a Notice of Substitution pursuant to 28 U.S.C. 2679(d)(1) with regard to the Defendants as named in their official capacities.

The effect of this Notice was to place the United States as a Defendant in the stead of the named Defendants to the extent that they had been named as Defendants "in their official capacities." No objection to this Notice has ever been filed or otherwise pursued by the Plaintiff.

3. Unfortunately, the action remained pending against the Defendants--in their individual capacities--regarding the allegations of inadequate medical treatment for a degenerative condition in the Plaintiff's left knee. (8th Amendment, U.S. Constitution). In particular, Plaintiff urged that the Defendants continually failed or refused to have knee replacement surgery performed which left him in constant pain.

4. On June 28-29, 1999, this case was tried before this Court and a jury. During the course of the proceedings evidence was produced showing that the Defendants in no way violated the Plaintiff's Eighth Amendment rights. In fact, evidence showed that the Plaintiff was seen by the defendants no less than 70 times during the course of his imprisonment at the Three Rivers Correctional Facility; and, the evidence showed that Plaintiff's complaints were heard and that appropriate responsive treatment was given.

5. Evidence was also produced--by way of a letter written to Warden Woods and direct testimony of Dr. Denny Tharpe and the Plaintiff himself--that incontrovertibly showed that the Plaintiff declined knee replacement surgery as early as October 1995.

6. Moreover, once the Plaintiff was released from the Three Rivers Correctional Facility, he did not obtain this surgery for himself for a full seven months.

7. Clearly, the Plaintiff knowingly pursued a frivolous cause of action against these Defendants causing these Defendants to undergo the inconvenience and possible damage to their respective reputations; in addition, this frivolous action caused the

2

Defendants' attorneys and the Court to incur expenses that should not have otherwise been incurred.

8. Such bad faith conduct serves nothing more than to undermine the purpose of our judicial system to protect the constitutional rights of our citizens and the rights of those being accused of violating them.

THEREFORE, the Plaintiff should be required, at the very minimum, to reimburse the Defendants, their attorney's, and the Court the expenses incurred as a result of trial preparation, associated attorney and witness travel, and trial of this cause.

Having reviewed the declarations pertaining to costs submitted by the defendants and noting the time and costs incurred by this Court for the conducting of the trial in this cause,

IT IS ORDERED, that the Plaintiff pay, as reimbursement for time and expenses, to the United States of America a monetary sanction in the amount of $ 21,068.30.

IT IS FURTHER ORDERED, that the Plaintiff pay, as reimbursement for time and expenses, to the Court a monetary sanction of $ _____.

SIGNED this 20th day of August, 1999.

FILEMON B. VELA
UNITED STATES DISTRICT JUDGE
Southern District of Texas

3